TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00451-CR






Arthur Glenn Robinson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C01-06739, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Arthur Glenn Robinson guilty of prostitution, for which the
court assessed punishment at incarceration for three days and a $500 fine. Tex. Pen. Code Ann.
§ 43.02 (West Supp. 2003). In two points of error, he contends the court erred by overruling motions
for mistrial occasioned by the State's improper jury argument. We will overrule these points and
affirm.

Robinson and a companion were videotaped agreeing to engage in sexual conduct
with two undercover police officers for a fee. During argument, the prosecutor reminded the jurors
of testimony that the police had received numerous complaints about prostitution in the area in which
the undercover operation was conducted. He then said, "So we know where they're at. Why was
he [Robinson] there? You have to understand. He knew it was a known area. That's the reason he
was there." An objection that the prosecutor was arguing outside the record was sustained and the
jury was instructed to disregard the comment. A motion for mistrial was overruled.

The prosecutor later argued, "[The first undercover officer] was sitting right
there--was standing right next to him. Who else was he going to have it--who else was he going
to have sex with because [Robinson's companion] has testified that he was going to have sex with
the--." In fact, the companion did not testify (although he could be heard on the videotape), and an
objection that the argument was outside the record was sustained. Once again, the jury was
instructed to disregard and a motion for mistrial was overruled.

Generally, an instruction to disregard will cure error in jury argument. Dinkins v.
State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). Neither statement by the prosecutor in this
cause was so extreme or manifestly improper as to render futile the court's instruction to disregard. (1) 
See Hernandez v. State, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991). The district court did not err
by overruling the motions for mistrial. See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)
(mistrial appropriate when error has occurred that is so prejudicial that it is impossible to continue
trial). The points of error are overruled.


The judgment of conviction is affirmed.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: February 21, 2003

Do Not Publish

1. The State argues that the prosecutor's first comment was a reasonable inference from the
evidence and that the second was an obvious reference to the companion's statements heard on the
videotape.